IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RACHEL EVENS, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY R. CONNOLLY – DISTRICT JUDGE; DAVID GILBERTSON – CHIEF JUSTICE SOUTH DAKOTA SUPREME COURT; JANINE KERN – JUSTICE SOUTH DAKOTA SUPREME COURT; MARK SALTER – JUSTICE SOUTH DAKOTA SUPREME COURT; STEVEN JENSEN – JUSTICE SOUTH DAKOTA SUPREME COURT; and PATRICIA DEVANEY – JUSTICE SOUTH DAKOTA SUPREME COURT, <br><br> Defendants. | CV 20-165-M-DLC-KLD <br><br><br> FINDINGS & RECOMMENDATION |

Plaintiff Rachel Evens, who is proceeding pro se, brings this action against a South Dakota circuit court judge and five South Dakota Supreme Court justices, alleging federal constitutional claims under 42 U.S.C. § 1983 arising out of her

1

divorce proceedings in South Dakota state court. Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Doc. 4) For the reasons set forth below, Defendants' motion to dismiss should be granted and this case should be dismissed.[1]

## I.    <u>Background</u>

Plaintiff filed her Complaint in this case on November 17, 2020, naming South Dakota Circuit Court Judge Jeffrey R. Connolly and South Dakota Supreme Court Justices David Gilbertson, Janine Kern, Mark Salter, Steven Jensen, and Patricia DeVaney as Defendants. (Doc. 1). Judge Connolly presided over Plaintiff's divorce proceedings in South Dakota state court, and on November 4, 2020, the Supreme Court of South Dakota affirmed the judgment and divorce decree entered by Judge Connolly. See *Evens v. Evens*, 951 N.W.2d 268 (S.D. 2020).

Plaintiff states that she is suing the Defendants "individually and in their collective official" capacities, and alleges they failed "to uphold the sworn duties of their judicial office in blatantly discriminating against a pro se litigant." (Doc. 1

---

[1] Plaintiff has a related case pending in this Court against South Dakota Circuit Court Judge Heidi Linngren. *Rachel Evens v. Heidi Linngren*, Case No. 9:20-cv-172-DWM. Defendant Linngren has filed a similar motion to dismiss for lack of personal jurisdiction, which is the subject of a substantively identical Findings and Recommendation entered today in that case.

at 1). Plaintiff advances claims under 42 U.S.C. § 1983, alleging that Defendants violated her rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (Doc. 1 at 1).

Liberally construed, the Complaint alleges Judge Connolly violated her due process and equal protection rights under the Fifth and Fourteenth Amendments by forcing her to proceed pro se when she was unable to afford counsel; making several erroneous credibility determinations and legal rulings during the divorce proceedings; and wrongfully entering a divorce decree on grounds of extreme cruelty. (Doc. 1 at 3, 8-15). Plaintiff further claims Judge Connolly's child custody determination "removing her children" constituted cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 1 at ¶ 28).

With respect to her subsequent appeal, Plaintiff alleges South Dakota's five Supreme Court justices violated her constitutional due process and equal protection rights because they wrongfully refused to address her primary arguments on appeal; were "operating outside their sworn duties to render justice; and erroneously affirmed the judgment and divorce decree entered by Judge Connolly. (Doc. 1 at 10).

In her prayer for relief, Plaintiff requests: (1) injunctive relief overturning and repealing the South Dakota Supreme Court's decision; (2) "sanctions on the

Defendants appropriate with judges abusing their authority in discriminating against pro se litigants" and violating the United States Constitution; (3) an order requiring Defendants to "ground the Facts and Findings of the divorce trial" on the record; (4) an order requiring the South Dakota Supreme Court to "actually consider" her briefs and address her legal arguments; and (4) any other relief the Court deems appropriate and just. (Doc. 1 at 14).

Defendants move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II.   <u>Legal Standards</u>

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal when a court lacks personal jurisdiction over the defendant. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). If the court addresses a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). While the plaintiff cannot simply rest on the bare allegations of the complaint, the court must take uncontroverted allegations in the complaint as true and resolve any conflicts

in the affidavits in the plaintiff's favor. *Schwarzenegger*, 384 F.3d at 800; *Boschetto*, 539 F.3d at 1015. Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. <u>Discussion</u>

The power of the federal court "to exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether the assertion of such jurisdiction accords with constitutional principles of due process." *Data Disk, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). When subject matter jurisdiction is based on a federal question, as is the case here, the federal court applies the long-arm statute of the forum state to whether it has personal jurisdiction over a nonresident defendant. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

Therefore, to establish personal jurisdiction, Plaintiff must make a prima facie showing that: (1) the requirements of Montana's long arm statute are met; and (2) the exercise of that jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gulick v. Lynden,*

*Inc.,* 2016 WL 8674478, at *2 (D. Mont. Oct. 7, 2016). If the requirements of

Montana's long-arm statute are not met, the court needs not address due process.

*Gulick,* 2016 WL 8674478 at *2; 1767951, at *2; *Poliseno v. Credit Suisse*

*Securities (USA),* LLC, 2013 WL 1767951, at *2 (D. Mont. Apr. 24, 2013).

Montana's long arm statute, Montana Rule of Civil Procedure 4(b)(1),

"permit[s] the exercise of personal jurisdiction over nonresident defendants to the

maximum extent permitted by federal due process." *Davis v. Am. Family Mut. Ins.*

*Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988). The long-arm statute "embodies

principles of both general and specific jurisdiction." *Poliseno*, 2013 WL 176795, at

*2. A court may have general jurisdiction over a nonresident if the defendant is

"found within the state of Montana." Rule 4(b)(1). A defendant is "found within"

the state if it is "physically present in the state" or its "contacts with the state are so

pervasive that [it] may be deemed to be physically present there." *Bi-Lo Foods,*

*Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998). "A nonresident defendant

that maintains 'substantial' or 'continuous and systematic' contacts with the forum

state is found within the state and may be subject to the state's jurisdiction even if

the cause of action is unrelated to the defendant's activities within the forum." *Bi-*

*Lo Foods, Inc.*, 955 P.2d at 157.  General jurisdiction exists when a defendant's

"affiliations with the State are so continuous and systematic as to render them

6

essentially at home in the forum State." *Lewis v. Extradition Transport of America*, 2014 WL 494573, at *2 (D. Mont. Feb. 5, 2014) (citiing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Even where a defendant maintains only minimum contacts with the forum state, specific long-arm jurisdiction may be established if the plaintiff's cause of action arises from any of the following activities:

> (a) the transaction of any business within Montana;

> (b) the commission of any act which results in accrual within Montana of a tort action;

> (c) the ownership, use or possession of any property, or any interest therein, located within Montana;

> (d) contracting to insure any person, property or risk located within Montana at the time of contracting;

> (e) entering into a contract for services to be rendered for materials to be furnished in Montana by such person;

> (f) acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within Montana; or

> (g) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1)(a)–(g). *See also Bi-Lo Foods*, 955 P.2d at 157.

Taking the allegations in Plaintiff's Complaint as true, this Court does not have specific or general personal jurisdiction over any of the Defendants under

Montana's long-arm statute. Plaintiff has not alleged any facts whatsoever demonstrating that Defendants have any substantial or continuous and systematic contacts with Montana, as required for them to be found within the state for purposes of general jurisdiction. As identified in the Complaint, the Defendants are South Dakota state court judges and justices with no apparent connection to, or affiliation with, the state of Montana. Because Plaintiff does not allege any facts demonstrating that Defendants maintain any presence at all in Montana, general jurisdiction is lacking.

Plaintiff likewise fails to plead any facts establishing specific jurisdiction over Defendants. Plaintiff does not allege that any of the Defendants have ever (1) transacted business within Montana; (2) committed a tort in Montana; (3) owned, used, or possessed any real or personal property in Montana; (4) contracted to insure any person, property, or risk located in Montana; (5) entered into a contract for services to be rendered or for materials to be furnished in Montana; (6) acted as a director, manager, trustee, or other officer of corporation organized under Montana law or having its principal place of business here; or (7) acted as personal representative of any estate within Montana. Taking the allegations in the Complaint as true, and construing them liberally in Plaintiff's favor, there is no

indication that Defendants have engaged in any of the activities set forth in Mont. R. Civ. P. 4(b)(1)(a)-(g) sufficient to confer specific jurisdiction.

Plaintiff argues the Court may have personal jurisdiction over Defendants pursuant to Fed. R. Civ. 4(k)(2), which provides for personal jurisdiction over a defendant for a claim arising under federal law if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction is consistent with the United States Constitution and laws." Rule 4(k)(2) is inapplicable here, however, because Plaintiff alleges that Defendants are located within the state of South Dakota, and Defendants do not dispute that they are subject to the personal jurisdiction of South Dakota's courts.

Plaintiff also argues that Defendants "have created their own presence within Montana" by presiding over divorce proceedings that affected Montana assets and residents, namely, Plaintiff, her children, and her now ex-husband. But even taking the allegations in the Complaint as true, Plaintiff has not pled facts demonstrating that Defendants' affiliations with Montana are so continuous and systematic as to render them essentially at home here, as required for the Court to have general personal jurisdiction. Nor has she pled facts demonstrating that Defendants' contacts with Montana are sufficient to establish specific jurisdiction. Even assuming the divorce proceedings over which Defendants presided impacted

Montana assets and residents, as Plaintiff alleges, there is no indication that Defendants engaged in any of the activities listed in Rule 4(b)(1)(a)-(g). While Plaintiff describes the ties that she, her children, and her ex-husband have to Montana, the proper focus of the inquiry is on Defendants' contacts with Montana, not the plaintiff's contacts with Montana. See *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("The defendant-focused 'minimum contacts' inquiry [cannot be satisfied] by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Plaintiff has not alleged facts demonstrating that Defendants have had sufficient minimum contacts with Montana for this Court to exercise specific personal jurisdiction. See e.g. *Pyle v. Hartley,* 239 F.Supp.2d 970, 981 (C.D. Cal. 2002) (concluding the "issuance of an order by a Nevada judge to a party who appeared before the judge is not sufficient to create personal jurisdiction in [California federal district court] over the [Nevada] judge," even if the order had an effect in the forum state).

Because Montana's long arm-statute does not confer personal jurisdiction over Defendants, the Court need not address whether exercising jurisdiction over Defendants would comport with due process. Absent personal jurisdiction, this case is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

In closing, the Court notes that even if Plaintiff were able to establish personal jurisdiction over Defendants, her Complaint is barred by the doctrine of judicial immunity. See *DeClue v. County of Alameda*, 2020 WL 6381356, at *9 (N.D. Cal. Oct. 30, 2020) (recognizing that "a district court may sua sponte dismiss claims against judicial officers that are barred by the doctrine of judicial immunity) (citing *Kinney v. Cantil-Sakauye*, 723 F. App'x 562 (9th Cir. 2018).

The doctrine of judicial immunity provides that judges are absolutely immune from civil liability for judicial acts. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). Judicial immunity applies to suits for monetary and injunctive relief under 42 U.S.C. § 1983. *Torres v. Voltz*, 2019 WL 3345972, at *5 (N.D. Cal. July 25, 2019). Judges are entitled to immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 425 U.S. 349, 356 (1978) (*quoting Bradley*, 80 U.S. at 351). There are two exceptions to judicial immunity: (1) where a judge is not acting in his "judicial capacity"; or (2) where a judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. *See also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008).

11

Although Plaintiff alleges in her Complaint that "Judges, as State appointed judiciaries, do not have judicial immunity when acting outside the scope of their sworn duties, judicial code, and oaths to uphold the U.S. Constitution," (Doc. 1 at ¶ 16), she does not plead any facts reasonably suggesting that Defendants were in any way acting outside their judicial capacities or in the complete absence of all jurisdiction. To the contrary, taking the factual allegations in the Complaint as true, Defendants acted with jurisdiction and in their judicial capacities in presiding over Plaintiff's divorce proceedings and subsequent appeal. While courts have also recognized a narrow exception to judicial immunity for prospective declaratory relief sought under § 1983, this exception does not apply where, as here, a plaintiff complains of a judge's previous actions in a state court case. See e.g. *Hill v. Ponner*, 2019 WL 1643235 at *3-4 (E.D. Cal. Apr. 16, 2019). Defendants are thus entitled to judicial immunity.

Ordinarily, a pro se litigant should be given an opportunity to amend the Complaint to overcome a pleading deficiency unless it is clear that no amendment can cure the defect. See *Lucas v. Dept's of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, however, the Court sees no way that Plaintiff could amend her Complaint to cure the deficiencies identified above.

IV. <u>**Conclusion**</u>

12

Accordingly, and for reasons set forth above,

IT IS RECOMMENDED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4) be GRANTED and this case be DISMISSED without leave to amend.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 24th day of February, 2021.

Kathleen L. Desoto
United States Magistrate Judge