IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RACHEL EVENS,<br><br>  Plaintiff,<br><br>  vs.<br><br>JEFFREY R. CONNOLLY – DISTRICT JUDGE; DAVID GILBERTSON – CHIEF JUSTICE SOUTH DAKOTA SUPREME COURT; JANINE KERN – JUSTICE SOUTH DAKOTA SUPREME COURT; MARK SALTER – JUSTICE SOUTH DAKOTA SUPREME COURT; STEVEN JENSEN – JUSTICE SOUTH DAKOTA SUPREME COURT; and PATRICIA DEVANEY – JUSTICE SOUTH DAKOTA SUPREME COURT,<br><br>  Defendants. | CV 20–165–M–DLC<br><br>ORDER |

Before the Court is the Findings & Recommendation of Magistrate Judge Kathleen L. DeSoto, entered on February 24, 2021. (Doc. 12.) Judge DeSoto recommends granting Defendants' motion to dismiss for lack of personal jurisdiction. (Docs. 4, 12.) Evens timely objected on March 6, 2021. (Doc. 13.) For the following reasons, the Court agrees with Judge DeSoto's findings and will dismiss this case.

//

### STANDARD OF REVIEW

Evens is entitled to de novo review of those findings to which she specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent objection, the Court reviews for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

### BACKGROUND

Evens does not object to Judge DeSoto's recitation of the facts underlying her civil rights claims against Defendants, and reviewing for clear error, the Court finds none. (*See* Doc. 12 at 2–4.) At bottom, Evens alleges that Defendants—one a trial court judge in South Dakota and the others members of the South Dakota Supreme Court—discriminated against her throughout the course of her divorce proceedings that began in 2018 and concluded in 2020. (Doc. 1 at 2–3, 8.) Specifically, she claims that Defendants' conduct throughout trial and on appeal constitutes "stark violation[s] of protections guaranteed to [her] by the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution." (*Id.* at 1.)

Defendants moved to dismiss Evens' complaint for lack of personal

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (Docs. 4, 5, 11.) While Evens alleged a basis, perhaps, for the Court's subject matter jurisdiction over her claims, Defendants argued that she failed to plead any facts to establish the Court's personal jurisdiction over six South Dakota-based judges. (Doc. 5 at 2.) Judge DeSoto agreed, finding that the complaint lacks any allegations to establish either general or specific jurisdiction under Montana's long arm statute. (Doc. 12 at 7–9.) She went on to conclude that, "even if [Evens] were able to establish personal jurisdiction over Defendants, her [c]omplaint is barred by the doctrine of judicial immunity." (*Id.* at 11.)

## DISCUSSION

Evens does not dispute that Defendants' alleged contacts with this state are insufficient to establish the Court's personal jurisdiction under Montana's long arm statute. And, the Court agrees with Judge DeSoto's findings on this point. *See Meyers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001) ("When subject matter jurisdiction is premised on a federal question, a court may exercise [personal] jurisdiction over a defendant if a rule or statute authorizes it to do so and the exercise of such jurisdiction comports with the constitutional requirement of due process."); Fed. R. Civ. P. 4(k)(1)(A). That is, nothing in Evens' complaint suggests that Defendants are either "found within" the state to establish general

personal jurisdiction, nor does Evens plead any facts that Defendants' conduct in Montana establishes the Court's specific personal jurisdiction over them. *See* Mont. R. Civ. P. 4(b)(1).

Instead, Evens argues that Judge DeSoto should have applied the exception under Federal Rule of Civil Procedure 4(k)(2) to pull Defendants within the Court's jurisdiction. (Doc. 13 at 4–5.) Under Rule 4(k)(2), personal jurisdiction is established for "a claim that arises under federal law" if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." Evens understands Rule 4(k)(2) to apply here, because "this matter cannot be tried in a lower court in South Dakota as the lower court would be ruling . . . on a court of higher standing." (Doc. 13 at 5.)

But Rule 4(k)(2) simply does not apply to these circumstances. True, Evens' claims arise under federal law. (Doc. 1 at 1.) However, Defendants are—admittedly and as pleaded—subject to the personal jurisdiction of South Dakota's courts of general jurisdiction. (*See* Docs. 1 at 2; 11 at 3.) *See also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (explaining the Ninth Circuit's adoption of the rule that a defendant "who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit

could proceed"). While South Dakota's courts of general jurisdiction may determine that they lack subject matter jurisdiction over Evens' claims, as she suggests, that question is distinct from the issue of whether *personal jurisdiction* exists. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) (A court must possess authority over the subject matter *and* over the parties.).

Thus, reviewing the issue of personal jurisdiction de novo, the Court agrees with Judge DeSoto's finding that it simply does not exist here—either under Montana's long arm statute or under Rule 4(k)(2). Further, neither Evens' complaint nor her objection provides any indication that she can cure this defect by way of amendment. *See Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

In the remainder of her objection to Judge DeSoto's findings, Evens: (1) expands on her misunderstanding of the distinction between subject matter jurisdiction and personal jurisdiction (Doc. 13 at 5–8); and (2) disputes whether judicial immunity applies to bar her claims (*Id* at 1–4).[1] Again, whether the Court

---

[1] Evens also recites rules related to the power of mandamus and the due process paradigm established by *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), but fails to provide any analysis as to why she thinks they undermine Judge DeSoto's findings on personal jurisdiction. (Doc. 13 at 8–9.)

has subject matter jurisdiction over this dispute on the basis of a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C. § 1332, the problem remains that Evens has failed to make a prima facie showing that the Court has *personal* jurisdiction over Defendants. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires *both* authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)[.]"). And, while the Court may not have delved into the issue of immunity at this juncture, that Judge DeSoto did does not move the needle on the dispositive question of personal jurisdiction.

## ORDER

For the foregoing reasons, IT IS ORDERED that the Court ADOPTS Judge DeSoto's Findings & Recommendation (Doc. 12) IN FULL. Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4) is GRANTED, and this case is DISMISSED.

DATED this 19th day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court